UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SHAWN JAFFER, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ATX WIR, LLC DBA WATTERS INTERNATIONAL REALTY,<br><br>*Defendant*. | CASE NO. 4:22-CV-448<br><br>COMPLAINT – CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

Plaintiff SHAWN JAFFER ("Plaintiff"), a Texas resident, brings this Class Action Complaint by and through his attorneys, JAFFER & ASSOCIATES PLLC, against Defendant ATX WIR, LLC DBA WATTERS INTERNATIONAL REALTY ("Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## NATURE OF ACTION

1. Plaintiff brings this action individually and on behalf of all others similarly situated, for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in the Court pursuant to 28 U.S.C. §1391 as a substantial portion of the events or omissions giving rise to the claims occurred here.

4. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District and has committed tortious acts in this District.

## PARTIES

5. Plaintiff is a natural person residing in Frisco, Collin County, Texas, which is located within the Eastern District of Texas.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant is, and at all times mentioned herein was, a Texas limited liability company with is place of business at 8240 N Mopac Expressway, Ste. 110, Austin, TX 75759 and maintains a registered Agent Christopher Watters at 6850 Austin Center Blvd, Suite 320, Austin, TX 78731.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, volunteers, staffers, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to this instant action.

## FACTUAL ALLEGATIONS

10. Plaintiff is the user of a cellular telephone number ending in 4555.

11. Plaintiff's cellular telephone number ending in 4555 ("Phone Number") is used for residential purposes.

12. Plaintiff did not consent to receive automated calls or SMS messages to his Phone Number from the Defendant.

13. Starting on April 14, 2021, Plaintiff received three (3) SMS messages from

WATTERS. See excerpt below.

## Do Not Call Registry Violation

14. Plaintiff's Phone Number was registered with the Do Not Call Registry since September 22, 2015.

15. On April 14, 2022, Defendant sent their first SMS message to Plaintiff. See excerpt below.

16. On April 15, 2022, Defendant sent their second SMS message to Plaintiff. See excerpt below.

17. On April 18, 2022, Defendant sent their third SMS message to Plaintiff. See excerpt below.



18. Defendant sent more than one SMS message to Plaintiff within a 12-month period.

19. Defendant's SMS messages intended to sell or market to Plaintiff their real estate brokerage services and real estate classes or courses. See excerpt above.

20. Defendant did not have any established business relationship with Plaintiff when they sent the SMS message shown above.

21. Defendant knew or should have known that Plaintiff's phone number was registered with the Do Not Call Registry.

22. Defendant intentionally or knowingly violated the TCPA when it sent Plaintiff three SMS messages on his phone number ending with 4555 which was registered on the National Do Not Call Registry.

23. For these reasons, Defendant violated the 47 U.S.C. § 227(c) when they sent three SMS message with telemarketing intent to the Plaintiff within a 12-month period when Defendant did not have any established business relationship with the Plaintiff.

Prerecorded Violation

24. Between April 14, 2022, to April 18, 2022, Defendant sent three pre-recorded SMS messages to Plaintiff. See above.

25. Defendant's pre-recorded SMS messages were sent to Plaintiff's residential phone number ending in 4555.

26. Defendant's SMS messages to Plaintiff were not for any emergency purposes listed under 47 U.S.C. § 227(b)(A).

27. Plaintiff did not give Defendant any express written consent to permit Defendant to send him any SMS messages.

28. For these reasons, Defendant violated the 47 U.S.C. § 227(b)(A) when it sent pre-

recorded SMS messages to Plaintiff's residential phone for non-emergency purposes and without Plaintiff's prior express written consent.

29. Plaintiff was damaged by the violations alleged herein. His privacy was improperly invaded, the Defendant's SMS messages temporarily seized and trespassed upon the use of his phone, and he was forced to divert attention away from other activities to address the SMS messages. The SMS messages were annoying and a nuisance and wasted the time of Plaintiff. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of two proposed "Classes," the "Registry Class" and the "Prerecorded Class" as defined as follows:

## THE TCPA CLASSES

Since April 14, 2018, Plaintiff, and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls or SMS messages in a 12-month period when the telephone number to which the telephone calls or SMS messages were made was on the National Do-Not-Call Registry at the time of the calls or at the time the SMS messages were sent.

("Registry Class")

Since April 14, 2018, Plaintiff and all persons within the United States whose telephone number Defendant placed (or had placed on its behalf) two or more prerecorded phone calls, two or more phone calls using an artificial voice or pre-recorded SMS messages in a 12-month period.

("Prerecorded Class")

31. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any

claims for personal injury, wrongful death, and/or emotional distress.

32. This action has been brought and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity**: The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that the joinder of all members would be impractical.

   b. **Common Questions Predominate**: Common questions of law and fact exist to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members.

      i. The first issue is whether the Defendant's sending of more than one SMS message to Texas residents residential phones listed on the Do Not Call Registry within a 12-months violates 47 U.S.C. §§ 227(c) *et seq*.

      ii. The second issue is whether the Defendant's sending of more than one pre-recorded SMS message to Texas residents' residential phones without their express written consent within 12-months violates 47 U.S.C. §§ 227(c) *et seq*.

      iii. The third issue is whether the Defendant's making of more than one phone call to Texas residents' residential phones listed on the Do Not Call Registry within 12-months violates 47 U.S.C. §§ 227(c) *et seq*.

      iv. The fourth issue is whether the Defendant's making of more than one pre-recorded SMS message to Texas residents' residential phones without their express written consent within 12-months violates 47

U.S.C. §§ 227(c) *et seq*.

c. **Typicality**: The Plaintiff's claims are typical of the claims, as all claims are based upon the same facts and legal theories for all class members. The Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendant's common uniform course of conduct complained herein.

d. **Adequacy**: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff the committed to vigorously litigating this matter.

e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

33. Plaintiff and all putative Members of the Plaintiff Classes have necessarily suffered concrete harm in addition to statutory damages, as all Members of the Plaintiff Classes spent time tending to Defendant's unwanted calls and SMS messages and suffered a nuisance and an invasion of their privacy.

34. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Plaintiff Classes.

## FIRST CAUSE OF ACTION
## Violations of the TCPA, 47 U.S.C. § 227(b)

35. Plaintiff incorporate the foregoing allegations as if fully set forth herein.

36. The TCPA makes it "unlawful for any person within the United States" (1) to make a call "other than a call made for emergency purposes or made with the prior express consent of [the plaintiff]" (2) using "an artificial or prerecorded voice" (3) "to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). It also makes it "unlawful for any person within the United States" (1) to "initiate any telephone call to any residential telephone line" (2) "using an artificial or prerecorded voice" (3) "to deliver a message without the prior express consent of the called party" (4) "unless the call is initiated for emergency purposes …." 47 U.S.C. § 227(b)(1)(B). The statute clearly prohibits a person from using "any automatic telephone dialing system [AIDS] *or* an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). <u>Callier v. Nat'l United Grp., LLC, No. EP-21-CV-71-DB, 2021 U.S. Dist. LEXIS 223278, at *23 (W.D. Tex. Nov. 17, 2021)</u>

37. Courts and the Federal Communications Commission (FCC) 2015 Omnibus Declaratory Ruling and Order have consistently held that a text is a call and are subject to the same TCPA restrictions as phone calls.

38. Defendant sent, or had sent on its behalf, automated text messages without ever obtaining Plaintiff's written consent to text message or call Plaintiff on his Phone Number.

39. Defendant's text messages were not made or sent for emergency purposes.

40. Plaintiff's Phone Number was all on the National Do-Not-Call Registry at the time of the calls.

41. Plaintiff received two or more such text messages from Defendant in a 12-month period.

42. Plaintiff is entitled to an award of $500 in statutory damages for each telephone call/text message pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)

44. Section 227(c)(5) of the TCPA allows a private right of action for "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity" in violation of …. 47 U.S.C. § 227(c)(5). 47 C.F.R. § 64.1200(d) states that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d) (emphasis added). Cunningham v. Crosby Billing Servs., Corp., No. 4:18-CV-00043-ALM-CAN, 2018 U.S. Dist. LEXIS 206257, at *18 (E.D. Tex. Oct. 14, 2018)

45. Courts and the Federal Communications Commission (FCC) 2015 Omnibus Declaratory Ruling and Order have consistently held that a text is a call and are subject to the same TCPA restrictions as phone calls.

46. Defendant has sent more than one text message in a 12-month period to the Plaintiff.

47. Plaintiff's Phone Number was a residential telephone line at all times relevant.

48. Defendant's purpose of the text messages was to solicit business for services and goods.

49. The Defendant does not maintain an internal do-not-call-list nor does the Defendant have any policies and procedures in place to handle such requests.

50. Plaintiff is entitled to an award of $500 in statutory damages for each telephone

call/text message pursuant to 47 U.S.C. § 227(c)(5).

51. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## JURY DEMAND

52. Plaintiff requests a trial by jury of all claims that can be so tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shawn Jaffer, individually and on behalf of all other similarly situated, demands judgment from Defendant, as follows:

1. Declaring that this action is properly maintained as a Class Action and certifying Plaintiff Shawn Jaffer as Class representative, and Robert Leach, Esq. as Class Counsel;

2. Award Plaintiff and the Class statutory damages of at least $500.00 per phone call/text message and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B), §227(b)(3)(C), and §227(c)(5); and

3. Such other and further relief that the Court deems reasonable and just.

Respectfully submitted,

May 26, 2022

                                        **JAFFER & ASSOCIATES, PLLC**

                                        */s/ Robert Leach*
                                        **Allen Robertson**
                                        Texas Bar No. 24076655
                                        **Phillip Pool**
                                        Texas Bar No. 24086466
                                        **Robert Leach**
                                        Texas Bar No. 24103582
                                        5757 Alpha Rd, Suite 430
                                        Dallas, Texas 75240
                                        T: (214) 494-1871
                                        F: (888) 509-3910
                                        E-mail: attorneys@jaffer.law
                                        ***ATTORNEYS FOR PLAINTIFF***